UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 AUG -3 A 10: 28

| | |
|---|---|
| H.M. BEASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:05-CV-0729-B |
| | ) |
| FORTIS INSURANCE COMPANY, AND JOHN ALDEN LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF REMOVAL

**COME NOW** defendants, Fortis Insurance Company ("Fortis") and John Alden Life Insurance Company ("Alden") (collectively "Defendants"), by and through their counsel of record, and pursuant to 28 U.S.C. § 1441, as amended, hereby give notice of the removal of this action to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for this removal, Defendants state as follows:

1. On or about July 1, 2005, H.M. Beasley ("Plaintiff") commenced a civil action against Defendants and various fictitious defendants in the Alabama Circuit Court of Barbour County, now pending as Civil Action No. CV-05-117. The Alabama Circuit Court of Barbour County is a state court within this judicial district and division.

2. A copy of the Alabama Circuit Court of Barbour County file is attached hereto as Exhibit "A." There have been no other process, pleadings or orders served to date other than those contained in Exhibit "A."

3. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b), which provides in pertinent part as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332

1377613

of this title more than 1 year after commencement of the action.

4. Plaintiff's complaint was filed on July 1, 2005. Defendants were not served until July 6, 2005. Therefore, this notice of removal is timely filed.

5. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

## I.

## **ERISA**

6. This case is properly removable pursuant to 28 U.S.C. § 1441 because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

7. For a case to "arise under" federal law, it is not essential that the complaint make specific reference to a particular federal statute or regulation, or that the plaintiff has expressly sought a federal remedy for the alleged wrongdoing. A case is deemed to arise under "the law that creates the cause of action." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983) (quoting American Well Works Co. v. Layne

& Bowler Co., 241 U.S. 257, 260 (1916)); Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985, 988 (4th Cir.), cert. denied, 498 US. 982 (1990); West 14th Street Commercial Corp. v. 5 West 14th Owners Corp., 815 F.2d 188, 192 (2d Cir.), cert. denied, 484 U.S. 850 (1987); White v. Matthews, 420 F. Supp. 882, 887 (D.S.D. 1976). Stated otherwise, Plaintiff's claim gives rise to federal jurisdiction if it is "founded directly upon federal law." Robinson v. Wichita Falls & North Texas Community Action Corp., 507 F.2d 245, 249 (5th Cir. 1975).

8. The fact that Plaintiff has not specifically referred to the ERISA provisions in his Complaint does not foreclose Defendants' right to a federal forum. "[T]he removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched her pleadings exclusively in terms of state law. The reviewing court looks to the substance of the complaint, not the labels used in it." In re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980), cert. denied, 450 U.S. 949 (1981). "[T]he plaintiffs' failure to make specific reference in the complaint to a source of federal law that clearly is applicable will not prevent removal." 14 A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3722, at 276 (2d Ed. 1985).

9. Moreover, even if Plaintiff's claims that involve ERISA regulations are not directed at each defendant, this Court still has removal jurisdiction over all of Plaintiff's claims against all Defendants pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. § 1367.

10. All of Plaintiff's claims in this case are based on the insurance certificate (the "Certificate") that Plaintiff was issued by Alden in June of 2002. However, Plaintiff's premiums for the Certificate were paid by his employer, Beasley Motors Company, Inc. Upon information and belief, Beasley Motors Company, Inc. is not wholly owned by Plaintiff or by Plaintiff and his spouse. Therefore, the insurance at issue in this case qualifies as an ERISA employee welfare benefit plan. See Morstein v. National Ins. Serv. Inc., 93 F.3d 715 (11th Cir. 1996) (en banc), cert. denied, 519 U.S. 1092, 117 S. Ct. 769, 136 L.Ed.2d 715

(1997); Robinson v. Linomaz, 58 F.3d 365, 368 (11th Cir. 1995) (An employer's payment of insurance premiums, standing alone, is substantial evidence of an ERISA plan); Randol v. Mid-West Nat. Life Ins. Co., 987 F.2d 1547 (11th Cir.), cert. denied, 510 U.S. 863, 114 S. Ct. 180, 126 L.Ed.2d 139 (1993) (ERISA plan existed where small business contributed $75 each month to the health insurance premiums of its two employees); Donovan v. Dillingham, 688 F.2d 1367 (11th Cir. 1982) (en banc).

11. The Complaint sets forth causes of action related to the calculation of premiums. Such allegations are the types of allegations that trigger ERISA preemption. See Amos v. Blue Cross-Blue Shield, 868 F.2d 431 (11th Cir. 1989) (state law claims of fraud are preempted). Alden administered the coverage in this case and is clearly an ERISA entity. See Blue Cross & Blue Shield v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998). As a result, there can be no question that Plaintiff's claims are preempted by ERISA and that federal jurisdiction is proper.

## II.

## CONCLUSION

12. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

13. All defendants join and consent to this Notice of Removal.

14. A copy of this notice is being filed with the Clerk of the Circuit Court of Barbour County, as provided under 28 U.S.C. § 1446. Defendants are also giving prompt written notice to Plaintiff of the filing of this notice of removal.

**WHEREFORE, PREMISES CONSIDERED**, Defendants request that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Barbour County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted,

_____
Jennifer M. Busby (BUS009)
Robert S.W. Given (GIV003)
R. Frank Springfield (SPR024)
Attorneys for Defendants
FORTIS INSURANCE COMPANY AND JOHN ALDEN LIFE
INSURANCE COMPANY

**OF COUNSEL:**
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North Twentieth Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile:   (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 2nd day of August, 2005:

W. Lee Pittman
C. Carter Clay
Pittman, Hooks, Dutton, Kirby & Hellums, P.C.
1100 Park Place Tower
Birmingham, AL 35203

_____
OF COUNSEL