IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

CIVIL ACTION NUMBER CV-05-117

H. M. BEASLEY, an individual

    Plaintiff,

vs.

JOHN ALDEN LIFE INSURANCE COMPANY, an entity; FORTIS INSURANCE COMPANY, an entity; **and** No. 1, whether singular or plural, that entity who or which sold to plaintiff the insurance policy (number 0050343438) made the basis of this lawsuit; **No. 2**, whether singular or plural, that entity who or which, as an agent, sold to the plaintiff the insurance policy (number 0050343438) made the basis of this lawsuit; No. 3, whether singular or plural, plaintiff hereby intending to designate that certain insurance agency which, through its agents or otherwise, sold plaintiff the insurance policy (number 0050343438) made the basis of this suit; **No. 4**, whether singular or plural, that entity who or which, through agents or otherwise, marketed to plaintiff the insurance policy (number 0050343438) on or before the filing of this lawsuit; No. 5, whether singular or plural, plaintiff hereby intending to designate that certain insurance company which issued, insured, or participated in the matters alleged herein; **No. 6**, whether singular or plural that individual or those individuals, that entity or those entities, who or which misrepresented to plaintiff insurance premiums and/or coverage made the basis of this lawsuit; **No. 7**, whether singular or plural, that entity who or which was a representative, managing general agent, agent and/or underwriter for any insurance company which in any way may be involved with plaintiff' insurance policy (number 0050343438); **No. 8**, whether singular or plural, that person, firm or corporation, who or which assisted or contributed in any way to the misrepresentations and/or concealment perpetrated against plaintiff; **No. 9**, whether singular or plural that entity who or which, as described above, is the predecessor corporation of any of the entities described above or in the body of the complaint; and **No. 10**, whether singular or plural, that entity who or which, as described above, is the successor corporation of any of the entities described herein. (Plaintiff aver that the identities of the fictitious party defendants herein are otherwise unknown to the plaintiff at this time or, if their names are known to plaintiff at this time, their identities as proper party defendants are not known to the plaintiff at this time, and their true names will be substituted by amendment when ascertained),

    Defendants.

## COMPLAINT

### PARTIES

1.     Plaintiff, H.M. BEASLEY (hereinafter, "Beasely") is an individual over the age of

19, and resident citizens of Barbour County, Alabama.

2. Defendant, JOHN ALDEN LIFE INSURANCE COMPANY, (hereinafter, "Alden") is a Wisconsin corporation with its principal place of business in Milwaukee but who does business by agent in Alabama.

3. Defendant, FORTIS INSURANCE COMPANY, (hereinafter, "Fortis") is a Wisconsin corporation with its principal place of business in Milwaukee but who does business by agent in Alabama.

### Factual Allegations

6. In or around July 1, 2002, while acting within the line and scope of his/her employment as an agent, servant and/or employee of **Alden** and/or **Fortis,** said employee/agent, and/or one or more of the fictitious party defendants listed and described in the caption herein above, sold to plaintiff, **Beasley**, a policy of health insurance, number 0050343438 in Eufaula, Alabama. At the time plaintiff applied for and agreed to purchase the referenced health insurance policy, it was represented to him by defendants' employee/agent, and/or one or more of the fictitious party defendants listed and described in the caption herein above, that the health insurance policy was a policy which would help keep premiums at a lower level and that any increase in the premiums in the future would have to be equally increased over all the policyholders at the same rate. Upon information and belief, the defendants employed a rating system that discriminated against various policyholders based upon certain personal factors such as claims experience and/or health status. This fact was suppressed from the plaintiff. Plaintiff, in reasonable reliance upon the aforesaid representations, purchased said policy of health insurance.

7. Since 2002, Plaintiff's monthly premiums have increased from $245.76 to

$440.21, approximately.

8. The representations and/or concealment by the defendants, **Alden, Fortis,** and/or one or more of the fictitious party defendants listed and described in the caption herein above, were of material facts, were false, reckless and/or wanton and known to be false by the defendants, and made pursuant to a fraudulent scheme and designed to defraud the plaintiff.

10. Defendants have engaged in similar improper and fraudulent conduct on other occasions both prior to and subsequent to the dates mentioned above. The aforementioned defendants have exhibited a pattern or practice of similar conduct on occasions other than those set out above.

## Causes of Action

### Breach of Contract

11. Plaintiff adopts and realleges all of the foregoing and further aver this claim against all Defendants.

12. The defendants, **Alden, Fortis,** and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, breached their agreement with plaintiff pursuant to the above-stated policy of insurance by their conduct as above described.

13. As a proximate result of the breach of contract by the defendants as set out above, the plaintiff was caused to suffer economic loss, severe mental anguish, and emotional distress.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in a sum not to exceed $74,999.99, which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding.

### Negligent, Reckless, Wanton Conduct

14. Plaintiff adopts and realleges all of the foregoing and further aver this claim against all Defendants.

15. Plaintiff avers that the aforementioned conduct of the defendants, **Alden, Fortis**, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, was negligent, reckless and/or wanton.

16. As a proximate consequence of the negligent, reckless and/or wanton conduct of the defendants, **Alden, Fortis**, and one or more of the fictitious party defendants listed and described in the caption hereinabove, plaintiff was caused to suffer economic loss and severe mental anguish and emotional distress.

17. Specifically, plaintiff contends that defendants negligently, recklessly, and/or wantonly breached their duty of good faith and fair dealing with the plaintiff resulting in the above described damages.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in a sum not to exceed $74,999.99, which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding.

### Fraud

18. Plaintiff adopts and realleges all of the foregoing and further aver this claim against all Defendants.

19. That the foregoing representations made by defendants, **Alden, Fortis,** and/or one or more of the fictitious party defendants, to plaintiff were misrepresentations of material fact, made willfully to deceive, or recklessly without knowledge, and relied upon by plaintiff to their detriment, so as to constitute fraud under Ala. Code § 6-5-101 (1975).

20. That the foregoing representations of material fact were made with a present intent to deceive, and that at the time the misrepresentations were made by defendants, said defendants intended not to perform. Said misrepresentations were relied upon by plaintiff so as to constitute promissory fraud under Ala. Code § 6-5-101 (1975).

21. That the foregoing representations made by defendants to plaintiff were willful misrepresentations of material facts made to induce plaintiff to act, and upon which plaintiff acted to their detriment, or fraudulent or reckless misrepresentations of material fact, so as to constitute deceit and fraudulent deceit under Ala. Code §§ 6-5-103 and 6-5-104 (1975).

22. As a proximate consequence of the misrepresentations made by defendants to plaintiff, the plaintiff purchased said policy of insurance to their detriment, thereby causing economic loss and extreme emotional distress and mental anguish.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in a sum not to exceed $74,999.99, which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding.

### Suppression

23. Plaintiff adopts and realleges all of the foregoing and further aver this claim against all Defendants.

24. Plaintiff further alleges that defendants, **Alden, Fortis,** and/or one or more of the fictitious party defendants, listed and described in the caption hereinabove, intentionally, recklessly, or negligently failed to disclose certain material information, as described above, to plaintiff.

25. The aforesaid failure to disclose material information was done consciously,

deliberately, oppressively, intentionally, fraudulently, and/or wantonly.

26.  The defendants, **Alden, Fortis,** and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, were under a duty, because of the circumstances in this particular case or because the law implies a duty, to communicate material facts hereinabove mentioned to the plaintiff.

27.  That the foregoing wrongful conduct by the defendants, **Alden, Fortis,** and/or one or more of the fictitious parties listed and described in the caption hereinabove, constitutes suppression of material facts that the defendants were under an obligation to communicate to the plaintiff, so as to constitute fraudulent suppression under Ala. Code § 6-5-102 (1975).

28.  As a proximate consequence of the aforementioned suppression, plaintiff was caused to suffer economic loss, extreme emotional distress, and mental anguish.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in a sum not to exceed $74,999.99, which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding.

## Breach of Fiduciary Duty

29.  Plaintiff adopts and realleges all of the foregoing and further aver this claim against all Defendants.

30.  The defendants, **Alden, Fortis,** and one or more of the fictitious party defendants listed and described in the caption herein above, were in a position of trust, confidence, and superior knowledge in relation to plaintiff and for those reasons, among others, owed plaintiff a fiduciary duty.

31.  The defendants breached their fiduciary duty by misrepresenting and suppressing

material facts as described above, by failing to provide adequate insurance coverage to plaintiff, by charging excessive premiums, or allowing excessive premiums to be charged, and by raising, or allowing to be raised, plaintiff's insurance premiums in a manner wholly inconsistent with the way the policy was marketed and sold to the plaintiff.

32. As a proximate consequence of the defendants' breach of their fiduciary duty, plaintiff was caused to suffer economic loss, extreme emotional distress, and mental anguish.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in a sum not to exceed $74,999.99, which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding.

### Negligent Training and Supervision

33. Plaintiff adopts and realleges all of the foregoing and further aver this claim against all Defendants.

34. At all times pertinent hereto, **Alden, Fortis**, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, employed as an employee/agent under the dominion, control and/or supervision of and for defendants.

35. At all times pertinent hereto, the defendants, **Alden, Fortis**, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, had and undertook a duty to train and/or supervise said employee/agent.

36. Said defendants negligently and/or wantonly trained and/or supervised said employee/agent, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, such that they were allowed to participate and consummate the fraudulent acts and schemes described in this complaint.

37.   As a proximate consequence of the aforesaid negligence and/or wantonness of the defendants, **Alden, Fortis**, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, plaintiff was caused to suffer economic loss, extreme emotional distress, and mental anguish.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in a sum not to exceed $74,999.99, which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding.

### Negligent Procurement

38.   Plaintiff adopts and realleges all of the foregoing and further aver this claim against all Defendants.

39.   Plaintiff avers that an employee/agent of **Alden, Fortis**, and or one or more of the fictitious party defendants listed and described in the caption hereinabove, negligently procured the health insurance policy on behalf of the Plaintiff and did so with knowledge of how the health policy was really administered.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in a sum not to exceed $74,999.99, which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding.

_____
W. LEE PITTMAN (PIT-003)

_____
C. CARTER CLAY (CLA-027)

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
Birmingham, Alabama 35203
PHONE (205) 322-8880
FAX (205) 328-2711

   **Plaintiff hereby demands a struck jury for the trial of this cause.**

              _/s/ C. Carter Clay_
              C. Carter Clay (CLA-077)
              Attorney for Plaintiff

Plaintiff's Address:

H. M. BEASLEY
C/O Carter Clay
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
Birmingham, AL 35203

   **PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

JOHN ALDEN LIFE INSURANCE COMPANY
C/O CSC Lawyers Inc.
150 South Perry Street
Montgomery, Alabama 36104

FORTIS INSURANCE COMPANY
C/O CSC Lawyers Inc.
150 South Perry Street
Montgomery, Alabama 36104