UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2005 AUG -3  A 10: 29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| H.M. BEASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:05-CV-0729-B |
| | ) |
| FORTIS INSURANCE COMPANY, AND JOHN | ) |
| ALDEN LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## ANSWER

**COME NOW** defendants Fortis Insurance Company ("Fortis") and John Alden Life Insurance Company ("Alden") (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel and for their answer to plaintiff H.M. Beasley's ("Plaintiff") complaint, Defendants state as follows:

### FIRST DEFENSE

For their response to the specifically-enumerated paragraphs of Plaintiff's complaint, Defendants state as follows:

### PARTIES

1. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's complain and, therefore, deny same and demand strict proof thereof.

2. Defendants admit that Alden is a Minnesota corporation with its principal place of business also located in the State of Minnesota. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 2 of Plaintiff's complaint and demand strict proof thereof.

3. Defendants admit that Fortis is a Wisconsin corporation with its principal place of business also located in the State of Wisconsin. Except as specifically admitted herein,

1375510

Defendants deny the allegations set forth in Paragraph 3 of Plaintiff's complaint and demand strict proof thereof.

## FACTUAL ALLEGATIONS

6. Defendants admit that Alden issued a medical certificate to Plaintiff, certificate number 0050343438, with an effective date of July 1, 2002. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 6 of Plaintiff's complaint and demand strict proof thereof.

7. Defendants deny the allegations set forth in Paragraph 7 of Plaintiff's complaint and demand strict proof thereof.

8. Defendants deny the allegations set forth in Paragraph 8 of Plaintiff's complaint and demand strict proof thereof.

10. Defendants deny the allegations set forth in Paragraph 10 of Plaintiff's complaint and demand strict proof thereof.

## COUNT ONE

## BREACH OF CONTRACT

11. Defendants adopt and reallege their responses to the preceding paragraphs of Plaintiff's complaint as previously set forth above.

12. Defendants deny the allegations set forth in Paragraph 12 of Plaintiff's complaint and demand strict proof thereof.

13. Defendants deny the allegations set forth in Paragraph 13 of Plaintiff's complaint and demand strict proof thereof. Defendants further deny that Plaintiff is entitled to any judgment, damages, or other relief whatsoever.

## COUNT TWO

## NEGLIGENT, RECKLESS, WANTON CONDUCT

14. Defendants adopt and reallege their responses to the preceding paragraphs of Plaintiff's complaint as previously set forth above.

15. Defendants deny the allegations set forth in Paragraph 15 of Plaintiff's complaint and demand strict proof thereof.

16. Defendants deny the allegations set forth in Paragraph 16 of Plaintiff's complaint and demand strict proof thereof.

17. Defendants deny the allegations set forth in Paragraph 17 of Plaintiff's complaint and demand strict proof thereof. Defendants further deny that Plaintiff is entitled to any judgment, damages, or other relief whatsoever.

## COUNT THREE

## FRAUD

18. Defendants adopt and reallege their responses to the preceding paragraphs of Plaintiff's complaint as previously set forth above.

19. Defendants deny the allegations set forth in Paragraph 19 of Plaintiff's complaint and demand strict proof thereof.

20. Defendants deny the allegations set forth in Paragraph 20 of Plaintiff's complaint and demand strict proof thereof.

21. Defendants deny the allegations set forth in Paragraph 21 of Plaintiff's complaint and demand strict proof thereof.

22. Defendants deny the allegations set forth in Paragraph 22 of Plaintiff's complaint and demand strict proof thereof. Defendants further deny that Plaintiff is entitled to any judgment, damages, or other relief whatsoever.

## COUNT FOUR

## SUPPRESSION

23. Defendants adopt and reallege their responses to the preceding paragraphs of Plaintiff's complaint as previously set forth above.

24. Defendants deny the allegations set forth in Paragraph 24 of Plaintiff's complaint and demand strict proof thereof.

25. Defendants deny the allegations set forth in Paragraph 25 of Plaintiff's complaint and demand strict proof thereof.

26. Defendants deny the allegations set forth in Paragraph 26 of Plaintiff's complaint and demand strict proof thereof.

27. Defendants deny the allegations set forth in Paragraph 27 of Plaintiff's complaint and demand strict proof thereof.

28. Defendants deny the allegations set forth in Paragraph 28 of Plaintiff's complaint and demand strict proof thereof. Defendants further deny that Plaintiff is entitled to any judgment, damages, or other relief whatsoever.

## COUNT FIVE

## BREACH OF FIDUCIARY DUTY

29. Defendants adopt and reallege their responses to the preceding paragraphs of Plaintiff's complaint as previously set forth above.

30. Defendants deny the allegations set forth in Paragraph 30 of Plaintiff's complaint and demand strict proof thereof.

31. Defendants deny the allegations set forth in Paragraph 31 of Plaintiff's complaint and demand strict proof thereof.

32. Defendants deny the allegations set forth in Paragraph 32 of Plaintiff's complaint and demand strict proof thereof. Defendants further deny that Plaintiff is entitled to any judgment, damages, or other relief whatsoever.

## COUNT SIX

## NEGLIGENT TRAINING AND SUPERVISION

33. Defendants adopt and reallege their responses to the preceding paragraphs of Plaintiff's complaint as previously set forth above.

34. Defendants deny the allegations set forth in Paragraph 34 of Plaintiff's complaint and demand strict proof thereof.

35.    Defendants deny the allegations set forth in Paragraph 35 of Plaintiff's complaint and demand strict proof thereof.

36.    Defendants deny the allegations set forth in Paragraph 36 of Plaintiff's complaint and demand strict proof thereof.

37.    Defendants deny the allegations set forth in Paragraph 37 of Plaintiff's complaint and demand strict proof thereof. Defendants further deny that Plaintiff is entitled to any judgment, damages, or other relief whatsoever.

## COUNT SEVEN

## NEGLIGENT PROCUREMENT

38.    Defendants adopt and reallege their responses to the preceding paragraphs of Plaintiff's complaint as previously set forth above.

39.    Defendants deny the allegations set forth in Paragraph 39 of Plaintiff's complaint and demand strict proof thereof. Defendants further deny that Plaintiff is entitled to any judgment, damages, or other relief whatsoever.

## AFFIRMATIVE DEFENSES

## SECOND DEFENSE

Plaintiff's claims, including his demand for damages, are completely preempted by the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").

## THIRD DEFENSE

Plaintiff's complaint and each count claimed therein fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Defendants plead justification.

## FIFTH DEFENSE

Plaintiff's claims against Defendants are barred by the applicable statute of limitations.

### SIXTH DEFENSE

Plaintiff's claims against Defendants are barred by the doctrine of unclean hands.

### SEVENTH DEFENSE

Plaintiff's claims against Defendants are barred by the doctrine of estoppel.

### EIGHTH DEFENSE

Plaintiff's claims against Defendants are barred by the doctrine of acquiescence.

### NINTH DEFENSE

Plaintiff's claims against Defendants are barred by the doctrine of consent.

### TENTH DEFENSE

Plaintiff's claims against Defendants are barred by his own breach of contract.

### ELEVENTH DEFENSE

Plaintiff's claims against Defendants are barred by accord and satisfaction.

### TWELFTH DEFENSE

Plaintiff's claims against Defendants are barred by want of consideration.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred pursuant to § 27-14-7 Code of Ala. 1975 as a result of the material misrepresentations and/or omissions contained in the Plaintiff's application for health insurance which were fraudulent and/or material to the acceptance of the risk and/or which if had been properly disclosed Defendants would not in good faith have issued the policy or contract.

### FOURTEENTH DEFENSE

Plaintiff's claims against Defendants are barred by the doctrine of latches.

### FIFTEENTH DEFENSE

Extra-contractual damages are not available under ERISA.

### SIXTEENTH DEFENSE

Defendants aver that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

**SEVENTEENTH DEFENSE**

Defendants deny that they have been guilty of any conduct which entitles Plaintiff to recover punitive damages.

**EIGHTEENTH DEFENSE**

Plaintiff is not entitled to recover punitive damages pursuant to Ala. Code § 6-11-20.

**NINETEENTH DEFENSE**

Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Constitution and/or the common law or the public policies of the United States on the following grounds:

1.  It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

2.  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against Defendants, which violates Defendants' rights to due process guaranteed by the United States Constitution.

3.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

4.  The procedures pursuant to which punitive damages are awarded result in the imposition of different or disparate penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Defendants' due process rights.

5.  Plaintiff's claim for punitive damages against Defendants cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined

limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate Defendants' due process and equal protection rights guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

6. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of defendants' due process rights.

7. Plaintiff's claims for punitive damages against Defendants cannot be sustained because any award of punitive damages under Alabama law would violate Defendants' due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

8. Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive Defendants of due process of law.

9. Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause Defendants to be treated differently from other similarly situated persons/entities by subjecting Defendants to liability beyond the actual loss, if any, caused by Defendants' conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

10. Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages subject Defendants to punishment for the conduct of others through vicarious liability, *respondent superior*, or through nonapportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of Defendants' due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

11. Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose Defendants to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendants' conduct, creating a chilling effect on Defendants' exercise of their right to a judicial resolution of this dispute.

12. Plaintiff is not entitled to recover punitive damages because it violates the self-incrimination clause of the Fifth Amendment to the United States Constitution to impose against Defendants punitive damages which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

13. An award of punitive damages in this case would constitute a deprivation of property without due process of law.

14. The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

15. The procedures pursuant to which punitive damages are awarded subject Defendants to punishment under a law not fully established before the alleged offense.

**TWENTIETH DEFENSE**

Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

1. It is a violation of Article I, §§ 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil defendant, upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

2. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant in violation of defendants' due process rights guaranteed by the Alabama Constitution.

3. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive Defendants of due process of law in violation of the Alabama Constitution.

4. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive Defendants of due process of law in violation of the Alabama Constitution.

5. An award of punitive damages in this case would constitute a deprivation of property without due process of law.

6. The procedures pursuant to which punitive damages are awarded cause Defendants to be treated differently from other similarly situated persons/entities by subjecting Defendants to liability beyond the actual loss, if any, caused by Defendants' conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

7. The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which deny Defendants their rights of equal protection and due process.

8. The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, §§ 1 and 15 of the Alabama Constitution and in violation of Defendants' due process rights.

9. The procedures pursuant to which punitive damages are awarded subject Defendants to punishment under a law not fully established before the alleged offense, in violation of Article I, § 7 of the Alabama Constitution.

10. It is a violation of the Alabama Constitution to impose punitive damages against Defendants, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

11. The procedures pursuant to which punitive damages are awarded subject Defendants to punishment for the conduct of others through vicarious liability, respondeat superior, or through nonapportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of Defendants' due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

12. The procedures pursuant to which punitive damages are awarded expose Defendants to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendants' conduct, creating a chilling effect on Defendants' exercise of their right to a judicial resolution of this dispute.

13. The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

14. Plaintiff's claim for punitive damages against Defendants cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate the Defendants' due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

15. Plaintiff's claims for punitive damages against Defendants cannot be sustained because any award of punitive damages under Alabama law would violate Defendants' due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

### TWENTY-FIRST DEFENSE

An award of punitive damages will violate Defendants' right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and under Article I, §§ 6 and 13 of the Constitution of Alabama of 1901, because under Alabama law (1) the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give Defendants adequate notice of the kind of conduct for which they may be liable for punitive damages or the extent of their possible liability; (2) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (3) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (4) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendants; (5) Defendants may be subjected to punishment based upon the same course of conduct in more than one action; (6) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (7) an award of punitive damages is not subject to judicial review for reasonableness

and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

### TWENTY-SECOND DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

### TWENTY-THIRD DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendants' net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in Defendants' status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 13, and 22 of the Alabama Constitution.

### TWENTY-FOURTH DEFENSE

To permit the imposition of punitive damages against Defendants on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by the tortfeasor, and would violate each and every defendants' right to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States, and Article 1, §§ 1, 6, 13, and 22 of the Alabama Constitution.

### TWENTY-FIFTH DEFENSE

To permit the imposition of punitive damages against Defendants on a joint and several liability basis would violate Defendants' rights under the Eighth Amendment to the

United States Constitution and Article 1, § 15 of the Alabama Constitution in that the award imposes an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability each defendant had, if any.

### TWENTY-SIXTH DEFENSE

The imposition of an award of punitive damages against Defendants on a joint and several liability basis would violate Defendants' rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendment to the Constitution of the United States, and Article 1, §§ 1, 6, 13 and 22 of the Constitution of Alabama, in that:

1. It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action.

2. Defendants are denied a fair opportunity to have the jury assess damages based on each defendants' culpability for negligence which cannot be segregated from allegations of negligence against other defendants.

3. In failing to provide for joint contribution and an apportionment of damages among Defendants, each defendant is deprived of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States, and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law.

4. In failing to provide for joint contribution and an apportionment of damages among defendants, each defendant is deprived of property without due process of law contrary to Article 1, § 6 of the Constitution of Alabama which provides, insofar as are germane, that no person shall be deprived of property except by due process of law.

### TWENTY-SEVENTH DEFENSE

To permit the imposition of punitive damages against Defendants on a joint and several liability basis deprives Defendants of their right to due process of law and equal protection of the law as guaranteed by the Fifth and Fourteenth Amendments to the United

States Constitution and Article 1, §§ 1, 6, 13 and 22 of the Alabama Constitution by allowing punitive damages to be assessed and imposed based on the conduct of persons or entities other than Defendants or Defendants' agents or employees and/or without apportionment of damages based on the degree of culpability of Defendants, if any.

### TWENTY-EIGHTH DEFENSE

The claims of Plaintiff for punitive damages against Defendants cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendants' due process rights guaranteed by the United States Constitution and the Alabama Constitution.

### TWENTY-NINTH DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, the claims of Plaintiff for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal defendants, including but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate defendants' rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution. These rights will be violated unless Defendants are afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Defendants for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

### THIRTIETH DEFENSE

The claims of Plaintiff for punitive damages against Defendants cannot be upheld because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate

1375510                                    15

Defendants' due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

### THIRTY-FIRST DEFENSE

The claims of Plaintiff for punitive damages against Defendants cannot be upheld to the extent they are based on purported activities in other states (1) which may not violate the laws of those other states, or (2) for which no evidence is presented establishing that the activities violate the laws of those other states. To do so would violate Defendants' rights under the Alabama Constitution and the United States Constitution.

### THIRTY-SECOND DEFENSE

The claims of Plaintiff for punitive damages against Defendants cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

### THIRTY-THIRD DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of *BMW v. Gore*, 116 S.Ct. 1589 (1996).

### THIRTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court, in *BMW v. Gore*, 116 S.Ct. 1589 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

### THIRTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under *BMW v. Gore*, 116 S.Ct. 1589 (1996) to the extent it seeks to punish, influence or change Defendants' policies or practices nationwide rather than Defendants' policies or practices which occurred in this state.

### THIRTY-SIXTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under *BMW v. Gore*, 116 S.Ct. 1589 (1996) to the extent it considers profits, if any, earned by Defendants other than profits earned in this state which relate to the alleged wrongful conduct at issue.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under *BMW v. Gore*, 116 S.Ct. 1589 (1996) to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure that Defendants will more fully comply with this state's laws in the future.

### THIRTY-EIGHTH DEFENSE

The amount of punitive damages is not a question for the jury to determine. See Cooper Industries, Inc. v. Leatherman Tool Group, Inc. 532 U.S. 424, 121 S.Ct. 1678, 149 L.#e. 2d 674 (2001).

To the extent any of Plaintiff's allegations have not been either admitted or denied, they are hereby denied. Defendants also reserve the right to amend their answer as discovery progresses and additional defenses become known to them.

Respectfully submitted,

_____
Jennifer M. Busby (BUS009)
Robert S.W. Given (GIV003)
R. Frank Springfield (SPR024)
Attorneys for Defendants
FORTIS INSURANCE COMPANY AND JOHN ALDEN LIFE INSURANCE COMPANY

**OF COUNSEL:**
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 2nd day of August, 2005:

W. Lee Pittman<br>
C. Carter Clay<br>
Pittman, Hooks, Dutton, Kirby & Hellums, P.C.<br>
1100 Park Place Tower<br>
Birmingham, AL  35203

_____
OF COUNSEL