IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| H. M. BEASLEY, | ) |
|         Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 2:05cv00729-DRB |
| FORTIS INSURANCE COMPANY and ALDEN LIFE INSURANCE COMPANY, | ) |
|         Defendants. | ) |

## **MOTION TO REMAND**

Comes now H. R.. ("Ricky") Beasley and, pursuant to 28 U.S.C. § 1447(c), moves this Court to remand the above-styled matter back to the Eufaula Division of the Circuit Court of Barbour County, Alabama. In support of this motion to remand, plaintiff states as follows:

Complaint

1. On July 1, 2005, Ricky Beasley commenced this litigation by filing a complaint in the Eufaula Division of the Circuit Court of Barbour County, Alabama. The named party-defendants were John Alden Life Insurance Company ("Alden") and Fortis Insurance Company ("Fortis"). Plaintiff factually alleged that, on July 1, 2002, an agent or employee of Alden and/or Fortis sold him "a policy of health insurance, number 0050343438." Complaint ¶ 6. Plaintiff further factually alleged that said agent or employee "represented ... that the health insurance policy was a policy which would help

keep premiums at a lower level and that any increase in the premiums in the future would have to be equally increased over all the policyholders at the same rate" and that, instead, Alden and/or Fortis "employed a rating system that discriminated against various policyholders based upon certain personal factors such as claims experience and/or health status." Complaint ¶ 6. Plaintiff asserted the following causes of action: breach of contract; negligent, reckless, or wanton conduct; fraud; suppression; breach of fiduciary duty; negligent training and supervision; and negligent procurement. Complaint ¶¶ 11-39.

2. A fair reading of the complaint shows that Ricky Beasley's principal grievance is that he was lead to believe that he was purchasing "group" health insurance but was actually sold an "individual" health insurance policy. In their notice of removal, Fortis and Alden observed that plaintiff's "[c]omplaint sets forth causes of action related to the calculation of premiums." Notice of Removal ¶ 11.

Notice of Removal

3. On or about August 2, 2005, Fortis and Alden filed a joint notice of removal.

4. The sole source of federal subject-matter jurisdiction asserted by Fortis and Alden is federal-question jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal ¶¶ 5-6. More specifically, Fortis and Alden allege that ERISA-based complete preemption applies. Notice of Removal ¶¶ 7-11.

5. In their notice, Fortis and Alden wrote: "All of Plaintiff's claims in this case are based on the insurance certificate (the 'Certificate') that Plaintiff was issued by Alden in June of 2002. However, Plaintiff's premiums for the Certificate were paid by his

employer, Beasley Motors Company, Inc.  Upon information and belief, Beasley Motors Company, Inc. is not wholly owned by Plaintiff or by Plaintiff and his spouse.  Therefore, the insurance at issue in this case qualifies as an ERISA employee welfare benefit plan." Notice of Removal ¶ 10.

6. Attached to the notice of removal were copies "of all process, pleadings, and orders served upon" Fortis and Alden prior to the filing of the notice.  No evidentiary materials were submitted by Fortis and Alden to support factual allegations contained in their notice of removal but not in Ricky Beasley's complaint.

Basic Legal Principles

7. Federal courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (1994).

8. Removal statutes must be strictly construed because Congressional intent in enacting removal legislation was to restrict removal jurisdiction.  Shamrock Oil & Gas Corp. v. Streets, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 2d 1214 (1921); Lane v. Champion Internat'l Corp., 827 F. Supp. 701, 705 (S.D. Ala. 1993).

9. Because federal removal jurisdiction is very limited, the remanding of a removed case is favored where the existence of federal subject-matter jurisdiction is not absolutely clear.  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (1994).  "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts."

Klempner v. Northwestern Mut. Ins. Co., 196 F. Supp. 2d 1233, 1237 (S.D. Fla. 2001)(citations omitted).

10. The removing party bears the burden of demonstrating the existence of federal removal jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S. Ct. 35, 660 L. Ed. 2d 144 (1921); Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).

11. A defendant seeking to utilize ERISA-based complete-preemption bears the burden of proving the existence of an applicable ERISA plan. Nicholson v. National Accounts, Inc., 105 F. Supp. 2d 1290, 1293 (S.D. Ala. 1999). See also Pearl v. Monarch Life Ins. Co., 289 F. Supp. 2d 324 (E.D.N.Y. 2003); Schwartz v. FHP Internat'l Corp., 947 F. Supp. 1354 (D. Ariz 1996)("To meet its burden of establishing that federal jurisdiction is appropriate under the complete preemption doctrine, Defendants must show ... that Plaintiffs' health insurance plan was an 'employee benefit plan' within the meaning of 28 U.S.C. § 1002(1)." 947 F. Supp. at 1358).

Discussion

12. As just stated, Alden and Fortis must **prove** the existence of an applicable ERISA plan, as opposed to merely **alleging** the existence of an applicable ERISA plan. As previously stated, Alden and Fortis proffered no evidence but merely alleged that "the insurance at issue in this case qualifies as an ERISA employee welfare benefit plan" because "[p]laintiff's premiums for the Certificate were paid by his employer, Beasley Motors Company, Inc." and because, "[u]pon information and belief, Beasley Motors Company, Inc. is not wholly owned by [p]laintiff or by [p]laintiff and his spouse."

4

13. Alden and Fortis proffered no evidence as to the relationships (a) between Beasley Motors Company, Inc. and and the subject policy and (b) between Beasley Motors Company, Inc. and Ricky Beasley

14. In an affidavit, attached hereto and marked as "Exhibit A," Ricky Beasley testified (a) that, until August 1988, Beasley Motors Company, Inc. operated an automobile dealership; (b) that, after August 1988, Beasley Motors Company, Inc. owned property that was rented to others and had no employees; (c) that he is the Vice-President of Beasley Motors Company, Inc. and owns a twenty-five percent (25%) interest in that corporation; (d) that his father, mother, and sister are the only others having an ownership interest in Beasley Motors Company, Inc.; (e) that, prior to and since purchasing the subject policy, he owned and operated a body shop, Impressive Collision Center; (f) that Impressive Collision Center pays monthly rent to Beasley Motor Company, Inc. for use of property owned by the corporation; and (g) that, apparently for convenience, he uses Beasley Motors Company's bank account to pay his premiums.

15. When the subject policy was purchased in mid-2002, Beasley Motors Company, Inc. was simply a "shell" operation, collecting rental payments and having no employees. There was no reason for Beasley Motors Company, Inc. to create an employee-benefit plan for non-existing employees. Alden and Fortis proffered no evidence showing any involvement by Beasley Motors Company, Inc. with the purchase of the subject policy. There is only evidence that Ricky Beasley's premiums are paid by drafts drawn on Beasley Motors Company, Inc.'s bank account. That fact alone would not **prove** the existence of an ERISA plan. Slamen v. Paul Revere Life Ins. Co.. 166 F.3d 1102, 1106 n.4 (11th Cir. 1999). In their notice of removal, Alden and Fortis cited

the opinion in <u>Robinson v. Linomaz</u>, 58 F. 3d 365, 368 (8th Cir. 1995), but incorrectly indicated that this was an Eleventh Circuit opinion. In <u>Robinson</u>, the Eighth Circuit suggested that an employer's payment of insurance premiums, standing alone, is substantial evidence of an ERISA plan; but there was proof (a) that the insurer insisted on the employer purchasing group coverage for owner-employees and all non-owner employees, refusing to sell a policy covering only owner-employees and (b) that the insurer demanded that employer pay the initial premiums for all participating employees, owner and non-owner, with the employer having the option of later requiring non-owner employees to be responsible for paying their own premiums through a pay-roll deduction system. In <u>Robinson</u>, the employer actually paid premiums **on behalf of its non-owner employees**; the paying **on behalf of its non-owner employees** was the critical factor. See <u>Randol v. Mid-West Nat. Life Ins. Co.</u>, 987 F.2d 1547 (11th Cir.), <u>cert. denied</u>, 510 U.S. 863, 114 S. Ct. 180, 126 L. Ed. 2d 139 (1993), another opinion cited by Alden and Fortis, wherein, initially, the business owner merely allowed an insurance agent to talk with his employees about the subject coverage but, later, decided to offer to pay $75 toward the monthly premium as an incentive to get employees to purchase the coverage. The decision to pay a part of the premiums **on behalf of the employees** triggered the creation of an ERISA plan; until that decision was made, there was no creation of a ERISA plan simply because the employer allowed the insurance agent to solicit his employees. In the present matter, Ricky Beasley has an ownership interest in Beasley Motors Company, Inc., along with his father, mother, and sister. At all relevant times, Beasley Motors Company, Inc. had four owners and no employees. In the present matter, Beasley Motors Company, Inc. has paid no premiums on behalf of any non-owner

employees. At best, Beasley Motors Company, Inc. has allowed its checking account to be used as a conduit for the payment of premiums owed by one of its four owners.

16. Contrary to Alden's and Fortis' allegation, Ricky Beasley has not been employed by Beasley Motor Company, Inc. at any relevant time. In fact, during any relevant time, Beasley Motor Company, Inc. had no employees.

17. When the subject policy was purchased, as stated on the application, Ricky Beasley was a self-employed "[b]ody shop owner." In his affidavit, Ricky Beasley testified that he purchased the policy solely to provide coverage for himself and his wife and had no intention of procuring coverage for anyone else, including employees of Impressive Collision Center. He further testified that he has never offered or provided any fringe or employee benefits to Impressive Collision Center's employees. There is no evidence that Impressive Collision Center created and/or maintained any plan or program that would qualify as an ERISA-governed plan.

18. Ricky Beasley purchased the subject policy either as a private individual or as the sole owner of Impressive Collision Center. In either scenario, there is no ERISA plan and no ERISA-based complete preemption. The present matter is materially indistinguishable from the underlying facts in Slamen v. Paul Revere Life Ins. Co., 166 F.3d 1102 (11th Cir. 1999). Dr. Slamen was the sole owner of a dental practice. In 1981, he established a health plan providing health and some life insurance coverage for himself and his employees. In 1985, he purchased a disability insurance policy that covered only him. Premiums for both the health plan and the disability policy were paid by Dr. Slamen's professional corporation. The Eleventh Circuit held that the disability insurance policy was not an ERISA plan because only Dr. Slamen was allowed to partake

of such coverage and, therefore, the disability-insurance "plan" did not provide benefits to at least one employee who was not an owner-employee. In the present matter, Ricky Beasley purchased the subject policy to cover himself and his wife and did nothing to provide similar coverage to the employees of Impressive Collision Center. Ricky Beasley testified that he has never offered or provided any employee-benefit plan or program to his employees.

19. The "Medical Certificate" issued to Ricky Beasley by Alden and/or Fortis contains no references to ERISA. The words "employer" and "employee" do not appear in that document. On page 9 of that document, the following appears: "To be insured under this plan, the Certificate Holder must be a member of the association and a resident of the state where the certificate is issued." These facts further demonstrate that Ricky Beasley purchased the subject policy as a private individual, as opposed to being a participant in any employee-benefit plan providing health insurance to all of a company's employees.

20. In summation, Alden and Fortis **allege** the existence of an applicable ERISA plan but fail to **prove** the existence of any ERISA plan. Ricky Beasley proffers evidence refuting the mere suggestion that the subject policy qualifies as a ERISA plan. As to both Beasley Motors Company, Inc. and Impressive Collision Center, Ricky Beasley is an owner-employee. After 1988, Beasley Motors Company, Inc. has had no employees but just four owners, Ricky Beasley and his father, mother, and sister. While Impressive Collision Center has employees, Ricky Beasley has never offered or provided those employees with any employee-benefit plan or program. As indicated by policy language,

Ricky Beasley purchased the subject policy as an individual to provide coverage for only himself and his wife.

Concluding Remarks

21. Ricky Beasley reserves the right to submit a memorandum brief in further support of this motion to remand, especially if Alden and Fortis oppose remand and/or proffer any evidentiary materials.

22. Alden and Fortis have the heavy burden of proving the presence of federal subject-matter jurisdiction. More particularly, Alden and Fortis have the heavy burden of proving that the insurance policy made the basis of this lawsuit qualifies as a ERISA-governed benefit-employee plan. Alden and Fortis have failed to satisfy their heavy burdens.

WHEREFORE, H. R. Beasley again asks this Court to enter an order remanding this matter back to the Eufaula Division of the Circuit Court of Barbour County, Alabama.

/s/ C. Carter Clay
Attorney for plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
Birmingham, AL 35203
(205) 322-8880    Telephone
(205) 328-2711    Fax

**CERTIFICATE OF SERVICE**

      I hereby certify that this 1st day of September, 2005, I electronically filed the forgoing Notice of Appearance with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jenniefer M. Busby
Robert S.W. Given
R. Frank Springfield
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203

                                **/s/ C. Carter Clay**
                                Of Counsel