UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| H.M. BEASLEY, | ) |
|         Plaintiff, | ) |
| v. | ) Civil Action No.: 2:05 CV-00729 |
| FORTIS INSURANCE COMPANY, AND JOHN ALDEN LIFE INSURANCE COMPANY, | ) |
|         Defendants. | ) |

<u>TIME INSURANCE COMPANY AND JOHN ALDEN LIFE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND</u>

COME NOW defendants Time Insurance Company f/k/a Fortis Insurance Company ("Fortis") and John Alden Life Insurance Company ("John Alden") (collectively "Defendants"), by and through their counsel of record, and hereby submit their response in opposition to plaintiff's motion to remand. Defendants demonstrate herein that each and every claim asserted by plaintiff H.M. Beasley[1] ("Plaintiff") is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). In support of the foregoing, Defendants show unto the Court as follows:

I.

<u>STATEMENT OF THE CASE</u>

Plaintiff commenced this action by filing a complaint in the Circuit Court of Barbour County, Alabama against Fortis and John Alden on or about July 1, 2005. In his complaint, Plaintiff asserts the following causes of action against Defendants: breach of contract; negligence, reckless, or wanton conduct; fraud; suppression; breach of fiduciary duty;

---

[1] The Court should note that the complaint filed in this action indicates that "H.M. Beasley" is the plaintiff. <u>See</u> Complaint, ¶ 1. However, the motion to remand and supporting affidavit filed in this case are filed on behalf of "H.R. Beasley." <u>See</u> Motion to Remand, p. 1, Ex. A thereto. To the extent that "H.M. Beasley" and "H.R. Beasley" do not refer to the same individual, that being the individual who obtained a certificate for health insurance from John Alden on or about July 1, 2002, then H.R. Beasley's Motion to Remand is not properly before this Court because he is not a party to this lawsuit.

1392927

negligent training and supervision; and negligent procurement.  See Complaint ¶¶ 11-39. Plaintiff's claims are all based on a certificate of health insurance that was purchased from John Alden in July of 2002 (the "Certificate"), where he alleges that it was represented to him by Defendants that the Certificate "would help keep premiums at a lower level and that any increase in the premiums in the future would have to be equally increased over all of the policyholders at the same rate." Complaint, ¶ 6.  Plaintiff also alleges that Defendants "employed a rating system that discriminated against various policy holders based upon certain personal factors such as claims experience and/or health status." Complaint, ¶ 6. As a result, Plaintiff alleges that his premiums were improperly calculated by Defendants. See Complaint, ¶¶ 6-7.

On August 2, 2005, Defendants timely removed this case to federal court on the basis of federal jurisdiction because Plaintiff's claims are preempted by ERISA.  Plaintiff filed his motion to remand on September 1, 2005.  As Defendants will discuss in greater detail below, Plaintiff's motion to remand is due to be denied because Plaintiff is an "employee" of Beasley Motor Company, Inc. ("Beasley Motor") under ERISA and the Certificate, which was purchased by Beasley Motor for Plaintiff, qualifies as an "employee welfare benefit plan" under ERISA.

II.

BACKGROUND FACTS

Plaintiff applied for health insurance coverage from John Alden in June of 2002.  In connection with his application, Plaintiff executed a document styled "Authorization for Check-O-Matic Billing."  See Plaintiff's Authorization for Check-O-Matic Billing, a copy of which is attached hereto as Exhibit 1.  This document informed John Alden that Plaintiff would not be paying the premiums for his health insurance, but that they were to be directly withdrawn each month by John Alden from the checking account of Beasley Motor. See Id.  Based on this authorization, all of the premium payments for Plaintiff's Certificate, including Plaintiff's first premium, were withdrawn from the Beasley Motor checking account

contained in the Authorization for Check-O-Matic Billing.  Affidavit of Shari Stepanovich, ¶ 2, a copy of which is attached hereto as Exhibit 2; see also Affidavit of H.R. Beasley, attached to Plaintiff's Motion to Remand as Exhibit A.

At the time Plaintiff applied for health insurance with John Alden, Plaintiff was not the sole owner of Beasley Motor.  See Affidavit of H.R. Beasley.  Rather he owned, and still owns, a twenty-five percent (25%) interest in Beasley Motor, with his father, mother and sister owning the other seventy-five percent (75%) interest.  See Id.  Beasley Motor is a family business that is engaged in the business of renting property.  See Id.  Plaintiff and the other shareholders of Beasley Motor have agreed to use Beasley Motor business account to pay the premiums on all health insurance obtained by its shareholders, including Plaintiff's Certificate with John Alden.  See Id.

### III.

### ARGUMENT

A.  <u>Federal Question Jurisdiction Is Proper Because Plaintiff's Claims Are Preempted By ERISA.</u>

Plaintiff's claims are preempted by ERISA because Plaintiff's Certificate with John Alden qualifies as an ERISA employee welfare benefit plan.  To be governed by ERISA, an employee welfare benefit plan must provide benefits to at least one employee of the business in question.  See <u>Slamen v. Paul Revere Life Ins. Co.</u>, 166 F.3d 1102, 1104 (11th Cir. 1999).  Furthermore, ERISA defines an employee welfare benefit plan as:

> Any plan fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits in the event of sickness, accident, [or] disability….

29 U.S.C. § 1002(1).  Therefore, by definition, an insurance plan qualifies as an ERISA welfare benefit plan if it is:  (1) a plan, fund or program; (2) established or maintained; (3) by an employer; (4) for the purpose of providing medical, surgical or hospital care benefits;

1392927                                               3

(5) to participants or their beneficiaries. See Slamen, 166 F.3d at 1104; citing Donovan v. Dillingham, 688 F.2d 1367, 1373 (11th Cir. 1982). Based on these guidelines, the Eleventh Circuit has also instructed courts that coverage under ERISA should be liberally construed. See Williams v. Wright, 927 F.2d 1540, 1543 (11th Cir. 1991).

Plaintiff's sole argument for why an ERISA welfare benefit plan does not exist is because no employees of Beasley Motor are covered under the Certificate. As explained below, Plaintiff's argument has absolutely no merit and is contrary to established law and Plaintiff's own representations to John Alden. In addition to refuting Plaintiffs' argument, Defendants also demonstrate that Plaintiff's Certificate satisfies each of the requirements to be considered an employment welfare benefit plan under ERISA.

### 1. Plaintiff Is An "Employee" Of Beasley Motor Company, Inc. Under ERISA.

Plaintiff argues that ERISA is inapplicable because no employees of Beasley Motor are covered by the Certificate. However, Plaintiff's argument directly contradicts Department of Labor regulations, the established law of multiple circuit courts of appeal and the precedent of the United States Supreme Court. In support of his argument, Plaintiff relies on Slamen, but Slamen is not on point and has no bearing on whether ERISA applies to Plaintiff's Certificate.

In Slamen, the Eleventh Circuit addressed whether ERISA applied to a disability policy that was purchased by a dentist through his solely-owned dental practice. See Slamen, 166 F.3d at 1003. In determining that ERISA was inapplicable, the court relied upon the following Department of Labor ("DOL") regulation codified as 29 C.F.R. § 2510.3-3(c)(1):

> An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse.

See Slamen, 166 F.3d at 1104-05 (emphasis added). Because the plaintiff in Slamen wholly owned his dental practice, the court found that ERISA was inapplicable. Id. at 1105. In the

present case, by contrast, Beasley Motor is owned by Plaintiff, as well as his father, mother and sister. See Affidavit of H.R. Beasley. Therefore, because Plaintiff is not the only owner of Beasley Motor and does not own Beasley Motor together with his spouse, the Court should find that Slamen is inapplicable and that Plaintiff qualifies as an "employee" of Beasley Motor for purposes of ERISA.

This same distinction has been recognized by several circuit courts of appeal in determining ERISA coverage. In Provident Life & Accident Insurance Co. v. Sharpless, for example, the Fifth Circuit Court of Appeals recently held that where a corporation has multiple shareholders, the owners can be covered by ERISA even though no other employees are covered by the plan. 364 F.3d 634, 639 (5th Cir. 2004). The court noted that DOL Advisory Opinion 75-67 (May 21, 1976) "explained that a plan covering only corporate shareholders was exempt from ERISA only if the company was wholly owned by one shareholder or by the shareholder and his wife." Sharpless, 364 F.3d at 639 (emphasis added). In fact, citing a recent United States Supreme Court Opinion, the Sharpless court observed that "'a working owner may have a dual status, i.e., he can be an employee entitled to participate in a plan and, at the same time, the employer ... who established the plan.'" Sharpless, 364 F.3d at 639 (quoting Yates v. Hendon, 124 S.Ct. 1330, 1341-43 (2004)). Therefore, Plaintiff's contention that Beasley Motor has no non-owner employees is without any significance, because Plaintiff, his father, mother and sister are each considered "employees" of Beasley Motor for purposes of ERISA.

When faced with this issue, other circuits have reached the same conclusion as Sharpless. In Leckey v. Stefano, for example, the Third Circuit Court of Appeals held in a case strikingly similar to this one that ERISA applied where the sole owners of the corporation were the husband, wife, and step-daughter. 263 F.3d 267, 272 (3rd Cir. 2001). The court held that 29 C.F.R. § 2510.3-3(c)(1) was inapplicable because the company was not "wholly owned" by just the husband and wife. See Leckey, 263 F.3d at 272. The same reasoning applies here because Beasley Motor is owned by Plaintiff as well as his father,

mother and sister. See Affidavit of H.R. Beasley. Therefore, because Beasley Motor is not wholly owned by Plaintiff, he must "be counted as [an] employee, even though [he is also an owner.]" Leckey, 263 F.3d at 272; see also Santino v. Provident Life and Accident Ins. Co., 276 F.3d 772, 775 (6th Cir. 2001) (holding that shareholder was an "employee" under ERISA because he was not the sole owner of the business); Sipma v. Mass. Cas. Ins. Co., 256 F.3d 1006, 1012 (10th Cir. 2001) (holding that because "Sipma was not the sole shareholder of the corporation, he is not excluded from the definition of 'employee' for purposes of determining whether an 'employee benefit plan' exists"); In re Baker, 114 F.3d 636, 639 (7th Cir. 1997) (holding that majority shareholder was "employee" for purposes of ERISA); In re Metz, 225 B.R. 173, 177 (9th Cir. 1998) (holding that shareholder who was not the sole owner was an "employee" under ERISA).

The holding reached in the foregoing cases - that owners of businesses with multiple shareholders are "employees" for purposes of ERISA - is not only dictated by law, but is also the only practical framework for regulating employee benefits when millions of people own stock in companies for which they also work. If courts followed the unworkable approach suggested by Plaintiff, no employee of an employee-owned company would ever be entitled to ERISA protection. As one court noted, "[m]any closely held corporations insist that employees own stock (as do a few large corporations, such as United Air Lines); this does not prevent ERISA from regulating their pension plans." In re Baker, 114 F.3d at 639. Based on this reasoning, as well as the overwhelming authority cited above, there can be no question that Plaintiff should be considered an "employee" of Beasley Motor for purposes of ERISA.

    2. Plaintiff's Certificate Satisfies The Requirements Of An ERISA "Employee Welfare Benefit Plan."

While Plaintiff contends that Defendants have merely alleged the existence of an employee welfare benefit plan under ERISA, Plaintiff does not contest any of the requirements for Plaintiff's Certificate to be considered an employee welfare benefit plan

under ERISA.  As discussed above, to be considered an employee welfare benefit plan, Plaintiff's Certificate must be a plan, fund or program established or maintained by Beasley Motor for the purpose of providing medical, surgical, hospital care or benefits to participants or their beneficiaries.  See Slamen, 166 F.3d at 1104.  A closer look at each of these elements reveals that they are each satisfied beyond dispute.

> a. A Plan, Fund Or Program Exists.

A "plan, fund, or program" clearly exists because the surrounding circumstances indicate the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.  Application of ERISA does not depend on the existence of "a formal, written plan." Donovan, 688 F.2d at 1372.  Rather, "a 'plan, fund, or program' under ERISA implies the existence of intended benefits, intended beneficiaries, a source of financing, and a procedure to apply for and collect benefits." Id.; see also Randol v. Mid-West Nat'l Life Ins. Co., 987 F.2d 1547, 1550 (11th Cir. 1993).

As in Randol, the intended benefits in this case "are, of course, the medical care provided under the insurance [Certificate]." Randol, 987 F.2d at 1550; see also Plaintiff's Certificate, attached to the Affidavit of H.R. Beasley.  The class of beneficiaries is Plaintiff, who is covered under the Certificate.  See Plaintiff's Certificate.  The source of financing, as discussed at length below, is the employer paid premiums paid by Beasley Motor.  See Randol, 987 F.2d at 1550; see also Affidavit of H.R. Beasley.  Finally, "the procedures for receiving benefits are those set out in the insurance [Certificate]." Randol, 987 F.2d at 1550; see also Plaintiff's Certificate.  Therefore, because the Certificate satisfies the foregoing requirements, the Certificate qualifies as a "plan, fund, or program" for purposes of ERISA.

> b. The Plan Was Established Or Maintained By Beasley Motor.

Having determined that the Certificate constitutes a "plan, fund, or program," the next requirement is that the Certificate must have been established and maintained by an employer.  Determining whether a plan, fund or program was established or maintained by

an employer depends on the actions of the employer.  Randol, 987 F.2d 1547.  In Donovan, the Eleventh Circuit held that an employer "established" a plan, fund or program by engaging in the "continuing practice of purchasing insurance for a class of employees."  688 F.2d at 1374.  In Randol, the Eleventh Circuit similarly concluded that the employer "maintained" the insurance plan by making the first premium payment on an insurance plan covering its employees and contributing $75 per employee per month towards the remaining premiums.  987 F.2d 1547

In this case, Plaintiff's own testimony establishes that Plaintiff and the other shareholders of Beasley Motor agreed to have Beasley Motor pay the premiums on all health insurance obtained by its shareholders, including Plaintiff's Certificate with John Alden.  See Affidavit of H.R. Beasley.  Indeed, Plaintiff executed an Authorization for Check-O-Matic Billing, instructing John Alden to withdraw the first premium and each subsequent premium for the Certificate from the checking account of Beasley Motor.  See Plaintiff's Authorization for Check-O-Matic Billing.  Based on the Authorization for Check-O-Matic Billing, all premium payments for Plaintiff's Certificate have been paid by Beasley Motor.  Affidavit of Shari Stepanovich, ¶ 2.  Furthermore, as established above, Plaintiff is considered an employee of Beasley Motor under the law of multiple circuits and the regulations of the Department of Labor because Plaintiff is not the sole owner of Beasley Motor.  Therefore, Beasley Motor is considered Plaintiff's employer for purposes of ERISA.  See 29 U.S.C. 1002(5)&(6).  Any argument by Plaintiff that ERISA does not apply because Beasley Motor merely allowed John Alden to solicit Plaintiff's business is of no consequence, because Beasley Motor actually paid Plaintiff's premiums.  See 29 C.F.R. § 2510.3-1(j); see also Donovan, 688 F.2d at 1373, n. 11.  In light of these facts, there can be no question that the Certificate was both "established" and "maintained" by Plaintiff's employer, Beasley Motor.

        c.      The Plan Was Established For The Purpose Of Providing Medical, Surgical, Hospital Care Benefits.

In order for Plaintiff's Certificate to qualify as an employee welfare benefit plan it must also provide medical, surgical or hospital care benefits. See Randol, 987 F.2d at 1549. The Eleventh Circuit has held that the prerequisites for this requirement are self-explanatory. Donovan, 688 F.2d at 1371. Accordingly, this requirement is met if there is an insurance policy in effect covering medical care to Plaintiff. See Randol, 987 F.2d at 1550. Plaintiff's Certificate specifically covers allowable charges for treatment determined by John Alden to be:

- provided by a Health Care Practitioner, facility or supplier,
- Medically Necessary,
- incurred by an insured for an illness or injury,
- listed in the Covered Medical Services or Covered Prescription Drug sections [of the Certificate], and
- not listed in the Exclusions section.

Plaintiff's Certificate, p. 5; see also Plaintiff's Certificate, pp. 13-16. Accordingly, there can certainly be no dispute that Plaintiff's Certificate provides "medical, surgical or hospital care or benefits."

        d.      The Plan Provides Benefits To Participants Or Their Beneficiaries.

The final requirement for Plaintiff's Certificate to be considered an employee welfare benefit plan is that the medical benefits under the Certificate be provided to "participants or their beneficiaries." See Randol, 987 F.2d at 1549. As for the final element, the term "participant" is defined as "any employee ... who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). "Employee," in turn, is defined as "any individual employed by an employer." 29 U.S.C. § 1002(6). As established above, Plaintiff satisfies the definition of "employee" under the law of multiple circuits and the regulations of the Department of Labor because Plaintiff is not the sole

owner of Beasley Motor. Therefore, this Court must conclude that Plaintiff's Certificate provides medical benefits to participants.

Based on the foregoing authority, Plaintiff's Certificate constitutes a "plan, fund, or program" that was "established or maintained" by his "employer" for the purpose of providing "medical, surgical or hospital care or benefits" to "participants or their beneficiaries." Because Plaintiff's certificate satisfies the elements of an ERISA plan, there can be no question that ERISA governs Plaintiff's claims and that the Court should exercise federal question jurisdiction.

## IV.

## CONCLUSION

Plaintiff's claims are governed by ERISA and thus the court should exercise federal jurisdiction. Therefore, because this court possesses federal question jurisdiction, Plaintiff's motion to remand is due to be denied.

        Respectfully Submitted,

        s/R. Frank Springfield
        Jennifer M. Busby (BUS009)
        Robert S.W. Given (GIV003)
        R. Frank Springfield (SPR024)
        Attorneys for Defendants
        TIME INSURANCE COMPANY F/K/A FORTIS INSURANCE
        COMPANY AND JOHN ALDEN LIFE INSURANCE COMPANY

OF COUNSEL:
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North Twentieth Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

    I hereby certify that on September 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following, and to the extent that they are not registered with the Clerk of the Court, I hereby certify that I have mailed a copy of the foregoing via first-class, United States mail, postage prepaid:

W. Lee Pittman  
C. Carter Clay  
Pittman, Hooks, Dutton, Kirby & Hellums, P.C.  
1100 Park Place Tower  
Birmingham, AL  35203

                        s/R. Frank Springfield  
                        OF COUNSEL