IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| H. M. BEASLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. 2-05cv00729-DRB ) |
| FORTIS INSURANCE COMPANY and ALDEN LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendants. | ) ) |

### PLAINTIFF'S REPLY MEMORANDUM BRIEF TO "TIME INSURANCE COMPANY AND JOHN ALDEN LIFE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND"

H. M. ("Ricky") Beasley offers this memorandum brief in response to "Time Insurance Company [f/k/a Fortis Insurance Company ("Fortis")] and John Alden Life Insurance Company's [("John Alden")] Response in Opposition to Plaintiff's Motion to Remand." In addition to the reasons stated in his motion to remand, for the reasons stated herein, Ricky Beasley again asks this Court to remand this matter back to the Eufaula Division of the Circuit Court of Barbour County, Alabama.

Ricky Beasley will correct the mistake in the designation of the party-plaintiff to reflect his correct name. Unquestionably, "H. M. Beasley" refers to Ricky Beasley.

In response to the motion to remand, Fortis and John Alden rely solely on the fact that premiums for the subject policy were drawn from a bank account maintained by Beasley Motors Company, Inc. **Missing is any evidence proffered by Fortis and John**

**Alden to show Beasley Motors Company, Inc.'s creation and/or maintenance of any ERISA-governed employee-benefit plan, especially with regard to the subject health insurance policy.**

Along with his motion to remand, Ricky Beasley submitted evidence showing:

- That on his application for the subject policy, he stated that he was a self-employed, "[b]ody shop owner;"

- That, at all relevant times, he operated Impressive Collision Center, a body shop, and business separate and distinct from Beasley Motors Company; and

- That Ricky Beasley provided no fringe benefits to Impressive Collision Center's employees and certainly did not allow such employees to secure health insurance coverage through the subject policy.

In their response, Fortis and John Alden make absolutely no effort to rebut Ricky Beasley's proffered evidence that he purchased the subject policy as the owner of Impressive Collision Center or as a private individual and for the sole purpose of providing health insurance coverage for just himself and his spouse.

According to the sole document submitted by Fortis and John Alden, "H. Richard Beasley," and not "Beasley Motors Company, Inc.," applied to be a member of Health Advocates Alliance." <u>Time Insurance Company and John Alden Life Insurance Company's Response in Opposition to Plaintiff's Motion to Remand</u> at Exhibit 1. The document showed that the "member" was "H. Richard Beasley," and Ricky Beasley signed the document with no indication that he was doing so in any capacity other than as an individual person. Ricky Beasley, individually, applying for such membership, a requirement for purchasing the subject policy, is consistent with Ricky Beasley purchasing this policy as a self-employed, "[b]ody shop owner," and not as an officer or

shareholder of Beasley Motors Company, Inc. If Beasley Motors Company, Inc. sought to create or to maintain an ERISA-governed plan in connection with the subject policy, Beasley Motors Company, Inc., and not Ricky Beasley, had to apply for membership in the Health Advocates Alliance.

Fortis and John Alden can point to no other involvement of Beasley Motors Company, Inc. with the subject policy other than premiums being drawn from its checking account. Beasley Motors Company, Inc. did not apply for membership in the Health Advocates Alliance or offer the subject policy to its employees or other shareholders. Ricky Beasley stated that he purchased the subject policy as the self-employed owner of a body shop. The documentary evidence, including the membership and policy applications, confirms that Ricky Beasley purchased the subject policy as an individual, and not in connection with any business enterprise, Beasley Motors Company, Inc. or Impressive Collision Center. The only reasonable inferences are that Ricky Beasley was approached at Impressive Collision Center about purchasing the subject policy; that Ricky Beasley agreed to purchase the subject policy on an individual basis; that Ricky Beasley, individually, joined the Health Advocates Alliance; and that, as he was allowed to by other family members, Ricky Beasley used the Beasley Motors Company, Inc.'s bank account as the conduit for paying all necessary premiums.

In Slamen v. Paul Revere Life Ins. Co., 166 F.3d 1102 (11th Cir. 1999), the Eleventh Circuit held that Dr. Slamen's choice to pay premiums for his individual disability policy from the bank account of his professional corporation was not enough to establish that he had created or maintained an ERISA-governed disability insurance plan. The overwhelming facts showed that Dr. Slamen's intention was to provide only

3

disability insurance for himself individually. In the present matter, Ricky Beasley's choice to use the Beasley Motors Company, Inc.'s bank account is insufficient to establish that Beasley Motors Company, Inc. created or maintained an ERISA-governed health insurance plan. The overwhelming facts show that Ricky Beasley dealt with the defendants as an individual interested in securing health insurance just for himself and his spouse.

In summation, Fortis and John Alden cannot escape the fact that Ricky Beasley purchased the subject policy as a self-employed individual. Fortis and John Alden did not approach Beasley Motors Company, Inc. about joining the Health Advocates Alliance or about creating an ERISA-governed health insurance plan for anyone. At Impressive Collision Center, Ricky Beasley was approached by Fortis and John Alden. Rickey Beasley, as an individual, decided to join the Health Advocates Alliance and to purchase the subject policy. Ricky Beasley exercised his privilege to have the necessary premiums paid from a corporate account that he had access to, as opposed to paying such premiums out of some other account. By doing so, Beasley Motors Company, Inc., in no way, created or maintained an ERISA-governed health insurance plan.

**/s/ C. Carter Clay**
                                            Attorney for plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
Birmingham, AL 35203
(205) 322-8880     Telephone
(205) 328-2711     Fax

## CERTIFICATE OF SERVICE

I hereby certify that this 10th day of October, 2005, I electronically filed the forgoing Notice of Appearance with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jenniefer M. Busby
Robert S.W. Given
R. Frank Springfield
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203

/s/ **C. Carter Clay**
Of Counsel