IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| H. M. BEASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NUMBER |
| | ) 2:05-cv-00729-MHT-DRB |
| FORTIS INSURANCE COMPANY | ) |
| and ALDEN LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AND SUPPLEMENTAL MEMORANDUM BRIEF IN FURTHER SUPPORT OF HIS MOTION TO REMAND**

Comes now H. M. ("Ricky") Beasley and moves for leave to file this supplemental memorandum brief in further support of his previously filed motion to remand the above-styled matter back to the Eufaula Division of the Circuit Court of Barbour County, Alabama.

In their joint notice of removal, the sole source of federal subject-matter jurisdiction asserted by John Alden Life Insurance Company ("Alden") and Fortis Insurance Company ("Fortis") was federal-question jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal ¶¶ 5-6. More specifically, Fortis and Alden alleged that ERISA-based complete preemption applied. Notice of Removal ¶¶ 7-11. Fortis and Alden argued that "the insurance policy at issue in this case qualifie[d] as an ERISA employee welfare benefit" because the premiums were paid by Beasley Motors

Company, Inc., an entity that Fortis and Alden alleged was Ricky Beasley's employer. Notice of Removal ¶ 10.

In his motion to remand and previously filed memorandum brief, Ricky Beasley concentrated on demonstrating (a) that he purchased the subject insurance policy as an individual who was a self-employed body shop owner; (b) that he purchased the subject insurance policy solely to provide coverage for himself and his wife with no intention of procuring coverage for anyone else, including employees of Impressive Collision Center, his body shop; (c) that, at the time of the purchase of the subject insurance policy, Beasley Motors Company was simply a "shell" operation, collecting rental payments and having no employees; and (d) that Ricky Beasley merely used Beasley Motors Company's bank account as a conduit for paying his premiums with regard to the subject insurance policy. Ricky Beasley addressed the defendants' assertion that Beasley Motor Company established and maintained an ERISA-governed group health-insurance plan for its employees, including him, by factually establishing that Ricky Beasley purchased the subject policy either as a private individual or as the sole owner of Impressive Collision Center.

Now, Ricky Beasley desires to point out an additional impediment to finding any ERISA-based complete preemption or federal-question jurisdiction. A fair reading of Ricky Beasley's complaint shows that his grievance is that, when he purchased the subject policy, he was lead to believe that he was purchasing "group" health insurance but was actually sold an "individual" health insurance policy. In other words, in this lawsuit, Ricky Beasley is not seeking benefits under the subject insurance policy; instead, he is seeking damages because he was deceived into purchasing an "individual" health

insurance policy. This is a fraud-in-inducement case, and not a case involving an insurer's failure to pay benefits after the insured became sick.

In Kahn v. Fortis Ins. Co., Case No. 1:05-cv-105-WSD, Order (N.D. Ga. Sep. 13, 2005), the district court granted Kahn's motion to remand under a factual scenario remarkably similar to the factual scenario in the present matter. A copy of that district court's order is attached for this Court's convenience. Kahn purchased what he was lead to believe was a "group" health insurance policy, administered by the Fortis Defendants and underwritten by Fortis Benefits Insurance Company. In his complaint, Kahn asserted that, contrary to the alleged representations regarding how future premium increases would be determined, namely on a group basis, "the Fortis Defendants 'engaged in re-underwriting individuals on the basis of their individual health or individual claims history.'" Slip Op. at 3. In addressing the defendants' assertion of ERISA-based federal-question jurisdiction, the district court wrote:

> For example, "Section 1132(a) provides a cause of action for the recovery of plan benefits and allows for the recovery of costs in bringing such a claim." Engelhardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1354 (11th Cir. 1998). Because Plaintiff does not seek the recovery of plan benefits, Defendants cannot establish that Plaintiff seeks relief available under § 1132(a).

Slip Op. at 17 n.11. Although Plaintiff's counsel is not seeking such relief in the present matter, it is worth noting that counsel for the Plaintiff in *Kahn* was awarded fees and costs as a result of the improper removal.

A similar conclusion was reached in Rollins v. American Medical Security, Inc., Case No. CV-02-1038-MJ-L, Order at 7-8 (S.D. Ala. Jul. 2, 2003)(copy attached for the Court's convenience)("In addition, defendants have not satisfied the fourth requirement

3

for superpreemption – defendants have not shown that the claims asserted by the plaintiffs are ones for 'benefits' under Section 1132(a). Plaintiffs do not allege an entitlement to benefits, rather, plaintiffs' claims relate to the cost of the premiums as represented by the agent.").

In the present matter, Ricky Beasley's claims relate to how his future premiums would be determined and, specifically, to his contention that the subject policy was misrepresented as a "group" policy with future premiums to be calculated based on the group's "experience" or group "factors, and not on his individual "experience" or "factors." In this lawsuit, Ricky Beasley seeks no benefits; therefore, an essential element for evoking ERISA-based federal-question jurisdiction is missing.

In summation, based on the facts, Beasley Motors Company, Inc. did not establish or maintain any ERISA-governed group health insurance plan; instead, Ricky Beasley purchased the subject insurance policy as an individual, a self-employed owner of a body shop. It is immaterial as to how Ricky Beasley chose to make his premium payments on a policy that covered only him and his wife. Furthermore, Ricky Beasley asserts no claim for benefits under § 1132(a). There is no federal-question jurisdiction, and this matter is due to be remanded back to state court.

**s/ David Hodge**
**s/ C. Carter Clay**
Attorneys for plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
Birmingham, AL 35203
(205) 322-8880   Telephone
(205) 328-2711   Fax

**CERTIFICATE OF SERVICE**

      I hereby certify that this 9th day of February, 2006, I electronically filed the forgoing Notice of Appearance with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jenniefer M. Busby
Robert S.W. Given
R. Frank Springfield
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203

                           **s/ David Hodge**
                           Of Counsel