UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| H.M. BEASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: 2:05 CV-00729 |
| FORTIS INSURANCE COMPANY, AND JOHN ALDEN LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

<u>JOINT CONSENT TO REMAND</u>

COME NOW jointly plaintiff H. M. Beasley ("Plaintiff") and defendants Time Insurance Company ("TIC") and John Alden Life Insurance Company ("John Alden")(hereinafter collectively referred to as "Defendants") and hereby file this Joint Consent to Remand. In support of this Joint Consent to Remand, Plaintiff and Defendants state as follows:

1. Plaintiff commenced this action on or about July 1, 2005, by filing his complaint in the Circuit Court of Barbour County, Alabama. In his complaint, Plaintiff asserts the following causes of action against Defendants: breach of contract; negligence, reckless, or wanton conduct; fraud; suppression; breach of fiduciary duty; negligent training and supervision; and negligent procurement.

2. All of the above-referenced claims stem from health insurance purchased from John Alden in Plaintiff's name in July of 2002. However, all of the premiums for Plaintiff's health insurance were paid by Beasley Motor Company, Inc.

3. Therefore, based on their reading of Plaintiff's complaint, which contained a claim for breach of contract, Defendants removed this case to this Court on or about August 3, 2005. In their notice of removal, Defendants argued that Plaintiff's claims were completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA").

1447378

4.     On or about September 1, 2005, Plaintiff filed a motion to remand disputing, in part, the existence of an ERISA plan. Plaintiff's motion to remand did not affirmatively state that he was not making a claim for any benefits under the health insurance at issue in this lawsuit. On or about October 10, 2005, Defendants filed their response in opposition to Plaintiff's motion to remand.

5.     On or about February 9, 2006, Plaintiff filed a supplemental memorandum in further support of his motion to remand. In his supplemental memorandum, Plaintiff affirmatively represented for the first time that he is not making a claim in this lawsuit for any benefits under the health insurance purchased from John Alden.

6.     Based on Plaintiff's representation that he is not making any claim for benefits under the health insurance at issue in this lawsuit, Defendants now agree that complete preemption under ERISA does not exist. Therefore, Defendants agree to have this case remanded to the Circuit Court of Barbour County, Alabama, which has concurrent jurisdiction to decide any ERISA defenses.

7.     The parties further agree that each party is to bear their respective fees and costs associated with the removal and remand of this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff and Defendants respectfully request that this Court enter an Order remanding this case back to the Circuit Court of Barbour County, Alabama, with each party to bear their respective fees and costs associated with the removal and remand of this action.

Respectfully submitted,

s/ David J. Hodge
W. Lee Pittman
C. Carter Clay
David J. Hodge
Attorneys for Plaintiff

OF COUNSEL:

Pittman, Hooks, Dutton, Kirby & Hellums, P.C.
1100 Park Place Tower
Birmingham, AL  35203

                          s/ R. Frank Springfield
                          Jennifer M. Busby (BUS009)
                          Robert S.W. Given (GIV003)
                          R. Frank Springfield (SPR024)
                          Attorneys for Defendants
                          TIME INSURANCE COMPANY AND JOHN ALDEN LIFE
                          INSURANCE COMPANY

OF COUNSEL:

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100